UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA T. ROCHA,<br><br>            Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, a Delaware Limited Partnership; et al.,<br><br>            Defendants. | Case No. 1:25-cv-00705 JLT SKO<br><br>ORDER GRANTING UNOPPOSED MOTION TO DISMISS<br><br>(Doc. 5) |

This case involves a dispute over the foreclosure sale of real property located in Visalia, California (the "Property"). Plaintiff filed a complaint in Tulare County Superior Court, advancing two causes of action: (1) fraud; and (2) promissory estoppel. (Doc. 1-1.) Both claims are premised on Plaintiff's assertion that she contacted Defendant Selene Finance, LP days before the scheduled foreclosure sale and received a reinstatement quote, but was advised to wait for a revised quote and assured the sale would be postponed. (*See generally id*.) Notwithstanding this alleged representation, the foreclosure proceeded as scheduled. (*Id*.) Plaintiff now seeks to recover damages for the loss of the Property. (*Id*. at 8.) On June 9, 2025, named Defendant Freddie Mac, a federal entity, removed the case to this Court based on federal question jurisdiction. (*See* Doc. 1 at 2.)

On June 16, 2025, Defendants moved to dismiss both causes of action, arguing,

1

straightforwardly:

> She is not entitled to [damages for loss of the Property] as neither of her claims are sufficiently pled. To start, Plaintiff's fraud claim lacks the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure. The claim, in fact, fails to satisfy even the baseline plausibility standard as it is premised on Plaintiff's mistaken belief that she had the right to reinstate the subject loan at the time of the alleged misrepresentation - i.e., Plaintiff's theory of reliance is tied to her allegation that she forewent reinstating the loan in reliance on Selene's purported representation, but she no longer had the right to reinstate the loan as of the date of the alleged representation. The promissory estoppel claim is similarly defective because: (1) it is based on vague, nonbinding statements; and (2) like with her fraud claim, Plaintiff's reliance, if any, was neither reasonable nor detrimental.

(Doc. 5 at 3.) Plaintiff failed to respond to the motion in any way and the time to do so has long since expired. *See* E.D. Cal. Local Rule 230(c).

Having reviewed the motions papers, the Court will not belabor the point. Plaintiff, having offered no response to the motion, is presumed to have no opposition to dismissal. *See id*. Thus, the Court **ORDERS**:

(1)     The motion to dismiss (Doc. 5) is **GRANTED**.

(2)     The Clerk of Court is directed to **CLOSE THIS CASE.**

IT IS SO ORDERED.

Dated:    **September 21, 2025**

UNITED STATES DISTRICT JUDGE

2